1  QIANWU YANG  (Cal. Bar No. 336610)
   yang@shm.law
2  YI YI (Cal. Bar No. 353482)
   yi.yi@shm.law
3  **SHM LAW FIRM**
   3000 El Camino Real
4  Building 4, Suite 200
   Palo Alto, CA 94306
5  Telephone: (650) 613-9737

6  *Attorneys for Plaintiffs*
   Shandong Yunxiang Century Intelligent Technology Co., Ltd.
7  Shandong Jiuhui Information Technology Co., Ltd.

8

9                  **UNITED STATES DISTRICT COURT**

10               **NORTHERN DISTRICT OF CALIFORNIA**

11

12  Shandong Yunxiang Century Intelligent        **PLAINTIFFS' FIRST AMENDED**
    Technology Co., Ltd. and Shandong            **COMPLAINT FOR DECLARATORY**
    Jiuhui Information Technology Co.,            **JUDGMENT AND OTHER RELIEF**
    Ltd.,
13          Plaintiffs,                            DEMAND FOR JURY TRIAL

14          v.

15  Yannan Huang,

16          Defendant.

17

18

19

20

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT            - 1 -
AND OTHER RELIEF

                                        **SHM LAW FIRM**
                              3000 El Camino Real, Building 4, Suite 200
                                        Palo Alto, CA 94306
                                          (650) 613-9737

Plaintiffs Shandong Yunxiang Century Intelligent Technology Co., Ltd. (a.k.a. shandongyunxiangshijizhinengkejiyouxiangongsi, herein after "Yunxiang") and Shandong Jiuhui Information Technology Co., Ltd. (a.k.a. shandongjiuhuixinxikejiyouxiangongsi, herein after "Jiuhui") (collectively, "Plaintiffs") file this Complaint for Declaratory Judgment of Noninfringement against Defendant Yannan Huang ("Defendant"). In support of their complaint, Plaintiffs allege as follows:

## NATURE OF THE ACTION

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq.

2.      Plaintiffs seek declaratory judgments that U.S. Patent No. D962,680S (the "D'680 Patent") is not infringed by Plaintiffs' seat cushion products, including but not limited to all products among Plaintiffs' seat cushion offerings (collectively referred to as the "Non-Infringing Seat Cushions"). A true and correct copy of the D'680 Patent is attached hereto as Exhibit 1.

3.      Plaintiffs bring this action in view of the actual controversy created by Defendant under the D'680 Patent. Defendant has asserted a patent infringement claim against the Non-Infringing Seat Cushions with Amazon, causing Amazon to remove Plaintiffs' listings for the Non-Infringing Seat Cushions on Amazon.com.

## PARTIES

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF
- 2 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

4.     Plaintiff Shandong Yunxiang Century Intelligent Technology Co., Ltd. ("Yunxiang") is a Chinese corporation with its principal place of business at Building 12, Room 3-1204, Huaxia Diyuan, No. 1899 Weizishan Road, Licheng District, Jinan City, Shandong Province, China.

5.     Plaintiff Shandong Jiuhui Information Technology Co., Ltd. is a Chinese corporation with its principal place of business at Room 1232, 12th Floor, Building 11, Longhu Aodong, High-Tech Zone, Jinan City, Shandong Province, China.

6.     Upon information and belief, Yannan Huang is an individual residing in China, with an address at No. 40, North Yongan Avenue, Jiutian Neighborhood Committee, Zijin County, Guangdong, China.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because this action arises under the laws of the United States, including the Patent Act, 35 U.S.C. § 100 et seq.

8.     An actual case or controversy exists between the parties. Defendant filed a patent infringement complaint with Amazon, which resulted in the removal of Plaintiffs' Non-Infringing Seat Cushions from Amazon and caused significant financial loss. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et seq.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

- 3 -

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

9.      This Court has specific personal jurisdiction over Defendant. Defendant purposefully directed enforcement activities toward California by submitting intellectual property infringement complaints to Amazon, targeting Plaintiffs' products and causing their removal from the platform. Defendant is an experienced Amazon seller and knew that filing such complaints would foreseeably cause commercial harm in this forum, where Plaintiffs' products are sold and where Plaintiffs suffered lost sales and market access. Defendant's actions were not random or attenuated but were intentionally directed at excluding competitors such as Plaintiffs from the U.S. market, including this District. Under Federal Circuit precedent, these allegations are sufficient to establish specific personal jurisdiction.

10.      In the alternative, if Defendant contends that it is not subject to personal jurisdiction in any individual state and fails to identify an alternative forum where suit could be brought, then jurisdiction is proper under Rule 4(k)(2). Defendant purposefully directed its enforcement conduct at the United States as a whole, and the claims arise from that nationwide conduct. Exercising jurisdiction in this District is consistent with the Constitution and laws of the United States.

11.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and/or 1391(c)(3). A substantial part of the events giving rise to the claims occurred in this District, including the removal of Plaintiffs' product listings and the resulting lost sales and reputational harm. Plaintiffs market and sell products in this District

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT                    - 4 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

and suffered injury here as a direct result of Defendant's conduct.

## FACTUAL BACKGROUND

### A.    The Non-Infringing Seat Cushions

12.    Plaintiffs conduct business through storefronts on Amazon.com under the names "Hvllyan US" and "KYSMOTIC-US," respectively offering a variety of seat cushions for sale.

13.    Plaintiff Shandong Yunxiang Century Intelligent Technology Co., Ltd. operates the Amazon storefront Hvllyan US, which sells seat cushions identified by Amazon Standard Identification Numbers (ASINs), including but not limited to B0BGKQC3JH.

14.    Plaintiff Shandong Jiuhui Information Technology Co., Ltd. operates the Amazon storefront KYSMOTIC-US, which sells seat cushions identified by Amazon Standard Identification Numbers (ASINs), including but not limited to B08YRRNCCK and B08YRVZ8Z1.

15.    The first available date on Amazon for the Non-Infringing Seat Cushions sold under ASINs B08YRRNCCK and B08YRVZ8Z1 is March 12, 2021, which is at least three months prior to the priority date of the D'680 Patent, June 21, 2021.

16.    The Non-Infringing Seat Cushions sold under ASINs B0BGKQC3JH, B08YRRNCCK, and B08YRVZ8Z1 are physically identical.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT                    - 5 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

17.     On or about January 29, 2025, Plaintiff Yunxiang received notifications from Amazon stating that the listing for ASIN B0BGKQC3JH was removed due to alleged infringement of the D'680 Patent.

18.     As of the date of filing the original Complaint [ECF 1], ASIN B0BGKQC3JH remains unavailable on Amazon's platform due to Defendant's infringement complaint.

19.     The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for seat cushions, Plaintiffs need the Non-Infringing Seat Cushions listed in the Amazon marketplace. Amazon has removed the Non-Infringing Seat Cushion from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of an Amazon infringement complaint has caused immediate and irreparable harm to Plaintiffs.

20.     Upon information and belief, Defendant sells similar gel seat cushion products and actively monitors competing listings within the same category. Given the popularity and visibility of products such as Plaintiffs' Non-Infringing Seat Cushions, Defendant had actual knowledge of competing designs that were widely available in the U.S. market prior to the D'680 Patent's priority date of June 21, 2021.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT          - 6 -
AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

21.     Upon information and belief, Defendant did not purchase or otherwise obtain Plaintiffs' Non-Infringing Seat Cushions before submitting the infringement complaints to Amazon. Defendant made such complaints without conducting any reasonable investigation or comparing the Non-Infringing Seat Cushions with the D'680 Patent, thereby further demonstrating the baseless and bad-faith nature of the enforcement.

**B.     U.S. Patent NO. D962,680**

22.     The D'680 Patent, entitled "GEL SEAT CUSHION," was filed with the USPTO on June 21, 2021, and claims priority to the same date. *See* Exhibit 1. The D'680 Patent issued on September 6, 2022, and claims "[t]he ornamental design for a gel seat cushion, as shown and described." The perspective view of the D'680 Patent is shown as below:



23.     The D'680 Patent lists Yannan Huang as the applicant and Inventor. *See* Exhibit 1.

<u>**COUNT I**</u>

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT                    - 7 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

**Declaratory Judgment of Non-Infringement of U.S. Patent No. D962,680S**

24.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they were restated here and incorporate them by reference.

25.    Plaintiffs' Non-Infringing Seat Cushions do not infringe the D'680 Patent because an ordinary observer, familiar with the prior art designs, would not be deceived into believing that the Non-Infringing Seat Cushions are the same as the design claimed in the D'680 Patent, as the following chart illustrates:

| USD962680S1 | Plaintiffs' Non-Infringing Seat Cushions |
|---|---|
|   Fig 1 Perspective View |  |

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT          - 8 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Fig 2 Front View



Fig 3 Back View

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737



Fig 4 Left Side View

Fig 5 Right Side View

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737



Fig 6 Top View

Fig 7 Bottom View

Fig 8 enlarged view of the selected
portion in FIG. 1

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF
- 11 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737



Fig 9 an enlarged view of the selected portion in FIG. 2.



26. Specifically, Plaintiffs' Non-Infringing Seat Cushions are substantially different from the D'680 Patent in at least the following respects, by way of example only and without limitation:

● The edges of the claimed design in the D'680 Patent and the Non-Infringing Seat Cushions consist of completely different irregular structures.

● In the claimed design, the edges are symmetrical, with the honeycomb structure aligned in a continuous and uniform pattern. In contrast, the Non-Infringing Seat Cushions exhibit distinct asymmetry, with the honeycomb structure offset from each other, creating a staggered, stepped appearance.

● The claimed design shows a left-side view with square ends, whereas

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

- 12 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

the Non-Infringing Seat Cushions' left-side view features rounded and convex ends. This distinction in the curvature of the ends creates a clear difference in the overall shape between the claimed design and the Non-Infringing Seat Cushions.

27.     For at least these reasons, Non-Infringing Seat Cushions do not infringe the D'680 Patent.

28.     An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Seat Cushions have infringed the claims of the D'680 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Seat Cushions does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the D'680 Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the D'680 Patent.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. D962,680S

29.     Plaintiffs repeat and reallege each of the preceding paragraphs as if they were restated here and incorporate them by reference.

30.     An actual case or controversy exists between Plaintiffs and Defendant as to whether the D'680 Patent is invalid.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT          - 13 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

31.     A judicial declaration is necessary and appropriate so that Plaintiffs may ascertain their rights as to whether the D'680 Patent is invalid.

32.     The D'680 Patent is invalid as anticipated by prior art. The prior art references that render the D'680 Patent anticipated include, by way of example only and without limitation, seat cushion products publicly available before the priority date of the D'680 Patent: (i) OMCOZY (accessible at https://www.amazon.com/dp/B08XX3W5KR?th=1, last visited Feb. 7, 2025); (ii) ADUKEN (accessible at https://www.amazon.com/dp/B07TMF3J8R?th=1, last visited Feb. 7, 2025); (iii) KYSMOTIC (Non-Infringing Seat Cushions) (accessible at https://www.amazon.com/dp/B08YRRNCCK?th=1, last visited Feb. 7, 2025).

33.     One such prior art reference, the ADUKEN Gel Seat Cushion, identified by Amazon using ASIN B07TMF3J8R, has been available on Amazon since at least June 26, 2019 — more than two years before the filing date of the D'680 Patent.

34.     The below chart compares exemplary images of those prior art seat cushions to the claimed design of the D'680 Patent:

| USD962680S1 | OMCOZY | ADUKEN |
| --- | --- | --- |

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

- 14 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737



Fig 1 Perspective View

Fig 2 Front View

Fig 3 Back View

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

- 15 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737



Fig 4 Left Side View

Fig 5 Right Side View

Fig 6 Top View

Fig 7 Bottom View

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

- 16 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737



Fig 8 enlarged view of the selected portion in FIG. 1

Fig 9 an enlarged view of the selected portion in FIG. 2.

35.     These prior art references, especially the ADUKEN, are substantially identical to the D'680 Patent.

36.     Therefore, the D'680 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## COUNT III

## Declaratory Judgment of Unenforceability of U.S. Patent No. D962,680

37.     Plaintiffs repeat and reallege each of the preceding paragraphs as if they were restated here and incorporate them by reference.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT                    - 17 -
AND OTHER RELIEF

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

38.     As demonstrated above, the claimed design of the D'680 Patent is disclosed by several prior art references, including products that were publicly available for sale on Amazon before the filing date of the D'680 Patent.

39.     Specifically, the OMCOZY Gel Seat Cushion (ASIN B08XX3W5KR) has been available on Amazon since at least March 3, 2021, approximately three months before the filing date of the D'680 Patent.

40.     The ADUKEN Gel Seat Cushion (ASIN B07TMF3J8R) has been available on Amazon since at least June 26, 2019, more than two years before the filing date of the D'680 Patent.

41.     The Non-Infringing Seat Cushions (B08YRRNCCK) has been available on Amazon since at least March 12, 2021, approximately three months before the filing date of the D'680 Patent.

42.     Defendant, as a competing seller in the same marketplace, was aware of these prior art. Nevertheless, Defendant knowingly withheld material information and prior art during the prosecution of the patent application.

43.     Had Defendant disclosed this information to the USPTO, the D'680 Patent would not have been granted. Defendant's failure to disclose them—despite their clear materiality—constitutes inequitable conduct, as defined in *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011). Therefore, the D'680 Patent is unenforceable due to Defendant's inequitable conduct in failing to

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT                    - 18 -
AND OTHER RELIEF

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

disclose material prior art during prosecution.

44. Plaintiffs therefore seek and are entitled to a judgment that U.S. Patent No. D962,680 is unenforceable.

## COUNT IV

### State Law Unfair Competition – Cal. Bus. & Prof. Code § 17200

45. Plaintiffs repeat and reallege each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

46. Defendant's acts, as set forth above, constitute unlawful, unfair, and/or fraudulent business practices within the meaning of California Business and Professions Code § 17200, et seq.

47. Defendant has acted unlawfully and unfairly by submitting intellectual property infringement complaints to Amazon despite knowing that Plaintiffs' Non-Infringing Seat Cushions constitute prior art.

48. Defendant has acted unlawfully and unfairly by submitting intellectual property infringement complaints to Amazon despite knowing that the D'680 Patent was obtained through inequitable conduct and is therefore unenforceable.

49. Defendant's complaint asserted that Plaintiffs' products were "identical" to the patented design, despite obvious differences. These misrepresentations violated Amazon's enforcement policies and were intended to suppress competition from a direct marketplace rival. Such conduct constitutes

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

- 19 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

unfair competition under California law because it involved false or misleading assertions made to a third party with the intent to disrupt a competitor's business and mislead a platform administrator.

50.     By abusing Amazon's intellectual property enforcement procedures, Defendant caused significant disruption to Plaintiff Yunxiang's business operations, including the removal of Non-Infringing Seat Cushions that do not infringe any valid intellectual property rights.

51.     As a direct and proximate result of Defendant's unfair competition, Plaintiff Yunxiang has suffered, and continues to suffer, material harm in an amount to be proven at trial, including loss of sales and damage to its competitive standing. Furthermore, Plaintiff Yunxiang has suffered irreparable harm that cannot be fully measured or compensated in monetary terms alone. Such harm will continue unless Defendant's wrongful actions are restrained and enjoined both during and after this litigation.

## COUNT V
### Tortious Interference

52.     Plaintiffs repeat and reallege each of the preceding paragraphs as if fully set forth herein and incorporate them by reference.

53.     Defendant knowingly and intentionally interfered with Plaintiff Yunxiang's valid and existing business relationships with Amazon, and with its prospective economic advantage in the sale of its products, including the Non-

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Infringing Seat Cushions, through the Amazon platform. Defendant engaged in this interference for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-Infringing Seat Cushions. This interference resulted in damages due to Plaintiff Yunxiang's lost sales of the Non-Infringing Seat Cushions and related products.

54.     As a direct and proximate result of Defendant's tortious interference, Plaintiff Yunxiang has suffered damages, including significant losses in sales of the Non-Infringing Seat Cushions and other products, resulting in lost revenue and profits directly attributable to those lost sales.

55.     Defendant's actions have significantly harmed Plaintiff Yunxiang's business operations by substantially reducing the rankings of Plaintiff Yunxiang's products on Amazon, which negatively impacts product visibility, reviews, and ratings. This reduced visibility in consumer searches has directly diminished Plaintiff Yunxiang's market presence and sales performance.

56.     Defendant's conduct — including the submission of objectively baseless complaints and concealment of known prior art—was not protected patent enforcement, but rather constituted bad faith interference with competition.

57.     The decline in product rankings and visibility has caused substantial financial harm to Plaintiff Yunxiang, including lost sales and profits, as well as increased warehousing and inventory holding costs due to reduced product turnover.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY JUDGMENT
AND OTHER RELIEF

- 21 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

58. These damages extend beyond lost revenue, inflicting harm on Plaintiff Yunxiang's goodwill and brand reputation, which are essential to maintaining competitive standing in the market. The exact amount of these damages will be proven at trial and cannot be fully measured or compensated in monetary terms alone.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of the Non-Infringing Seat Cushions have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the D'680 Patent;

B. A judgment declaring that the claim of the D'680 Patent is invalid;

C. A judgment declaring that the claim of the D'680 Patent is unenforceable;

D. A judgment declaring that Defendant interfered with Plaintiff Yunxiang economic relationship with Amazon.com;

E. A judgment declaring that Defendant unfairly competed with Plaintiff Yunxiang;

F. A permanent injunction enjoining Defendant from asserting the D'680 Patent against Plaintiffs' Non-Infringing Seat Cushions;

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

G.    An order enjoining Defendant from further enforcement of the D'680 Patent and requiring Defendant to retract its takedown request from Amazon;

H.    An award of monetary damages sufficient to compensate Plaintiff Yunxiang for Defendant's tortious conduct and unfair competition;

I.    An award of punitive damages in an amount to be determined at trial;

J.    An order awarding Plaintiffs' costs and reasonable attorney's fees as permitted by law; and

K.    Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

DATED:  June 17, 2025

SHM LAW FIRM

By:    */s/ Qianwu Yang*
QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

*Attorneys for Plaintiffs*
Shandong Yunxiang Century Intelligent Technology Co., Ltd.

PLAINTIFFS' FIRST AMENDED
COMPLAINT FOR
DECLARATORY  JUDGMENT
AND OTHER RELIEF

- 23 -

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    Shandong Jiuhui Information Technology
     Co., Ltd.
2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737