UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANDONG YUNXIANG CENTURY INTELLIGENT TECHNOLOGY CO., LTD., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>YANNAN HUANG,<br><br>    Defendant. | Case No. 25-cv-01298-JST<br><br>**ORDER GRANTING DEFENDANT YANNAN HUANG'S MOTION TO DISMISS**<br><br>Re: ECF No. 37 |

Before the Court is Defendant Yannan Huang's motion to dismiss. ECF No. 37 ("Mot."). The Court will grant the motion.

**I.    BACKGROUND**

On February 7, 2025, Plaintiffs Shandong Yunxiang Century Intelligent Technology Co., Ltd. ("Shandong Yunxiang") and Shandong Jiuhui Information Technology Co., Ltd. ("Shandong Jiuhui") (collectively, "Shandong")—both Chinese corporations with a principal place of business in China—filed this case, which arises from Shandong's alleged infringement of U.S. Patent No. D962,680S (the "D'680 Patent"). ECF No. 31 ("FAC"). The D'680 Patent is a design patent that claims an "ornamental design for a gel seat cushion . . . ." *Id.* ¶ 22. Defendant Yannan Huang—a resident of China—is listed as the applicant and inventor of the D'680 Patent. *Id.* ¶ 23.

Shandong Yunxiang operates the Amazon storefront Hvllyan US, which sells seat cushions identified by Amason Standard Identification Number [ASIN] . . . B0BGKQC3JH." *Id.* ¶ 13. Shandong Jiuhui "operates the Amazon storefront KYSMOTIC-US, which sells seat cushions

identified by" ASINs B08YRRNCCK and B08YRVZ8Z1.[1]  *Id*. ¶ 14.  The Shandong Seat Cushions "are physically identical."  *Id*. ¶ 16.

Huang "asserted a patent infringement claim against the [Shandong Seat Cushions] with Amazon, causing Amazon to remove" Shandong Yunxiang's seat cushion listing on Amazon.  *Id*. ¶¶ 3, 17.  The product "remains unavailable on Amazon's platform due to [Huang's] infringement complaint."  *Id*. ¶ 18.  Shandong alleges that Huang "did not purchase or otherwise obtain" the Shandong Seat Cushions "before submitting the infringement complaints to Amazon" and "made such complaints without conducting any reasonable investigation or comparing the [Shandong Seat Cushions] with the D'680 Patent . . . ."  *Id*. ¶ 21.  Shandong now brings claims for (1) declaratory judgement of noninfringement of the D'680 Patent, (2) declaratory judgment of invalidity of the D'680 Patent, (3) declaratory judgment of unenforceability of the D'680 Patent, (4) unfair competition, and (5) tortious interference.  *Id*. ¶¶ 24–58.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(2)

When a defendant objects to the Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper."  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Absent an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction.  *Id*.  "Uncontroverted allegations in the plaintiff's complaint must be taken as true", and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Id*. (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."  *Schwarzenegger*, 374 F.3d at 800.  "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."  *Id*. at 800–01.

---

[1] The Court collectively refers to the seat cushions sold under ASINs B0BGKQC3JH,B08YRRNCCK, and B08YRVZ8Z1 as the "Shandong Seat Cushions."

**B.     Rule 12(b)(3)**

Under Federal Rule of Civil Procedure 12(b)(3), a party may file a motion to dismiss on the basis of improper venue. *Royal Hawaiian Orchards, L.P. v. Olson*, 2015 WL 3948821, at *1 (C.D. Cal. June 26, 2015) (citing Fed. R. Civ. P. 12(b)(3)). "Once venue is challenged, the plaintiff bears the burden of showing that venue is proper." *Underberg v. Emp'rs Mut. Cas. Co.*, 2016 WL 1466506, at *3 (D. Mont. Apr. 14, 2016) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). In considering a Rule 12(b)(3) motion to dismiss, the court need not accept the pleadings as true and may consider facts outside the pleadings. *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). "If the court finds that the case has been filed 'in the wrong division or district,' it must 'dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1126 (C.D. Cal. 2009) (quoting 28 U.S.C. § 1406(a)). "Even if the court determines that venue is proper, it may still transfer for the convenience of parties and witnesses, in the interest of justice." *Del Toro v. Atlas Logistics*, 2013 WL 796593, at *2 (E.D. Cal. Mar. 4, 2013). "In either case, the decision to transfer rests in the discretion of the court." *Id*. (citing 28 U.S.C. 1404(b); *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (holding that trial court did not abuse its discretion under 28 U.S.C. § 1406(a) when it chose to dismiss, and not transfer, the action for improper venue)).

**C.     Rule 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). A complaint need not contain detailed factual allegations, but facts pleaded by a plaintiff "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted). "A claim has facial

3

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel*, 393 F.3d at 1072. However, the Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quotations and citation omitted).

### III. DISCUSSION

Huang moves to dismiss Shandong's FAC on three grounds: (1) lack of personal jurisdiction under Rule 12(b)(2); (2) improper venue under Rule 12(b)(3); and (3) failure to state a claim under Rule 12(b)(6). Mot. at 7–13.

#### A. Personal Jurisdiction

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citation omitted). Since the Supreme Court's "seminal decision in *International Shoe*," courts "have recognized two types of personal jurisdiction: 'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 261–62 (2017) (citation omitted). Huang argues that the Court lacks both general and specific jurisdiction. Mot. at 8–9.

##### 1. General Jurisdiction

"A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different [s]tate." *Bristol-Myers Squibb*, 582 U.S. at 262. "Because the assertion of judicial authority over a defendant is much broader in the case of general jurisdiction than specific jurisdiction, a plaintiff invoking general jurisdiction must meet an 'exacting standard' for the minimum contacts required." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) (citation omitted). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Here, it is undisputed that Huang is a resident of China. *See*

FAC ¶ 6. Accordingly, the Court does not have general jurisdiction over Huang. *See Chung v. Chih-Mei*, 714 F. Supp. 3d 1152, 1157 (N.D. Cal. 2024), *aff'd sub nom. Chung v. Yung-Hui*, No. 24-1318, 2025 WL 1950089 (9th Cir. July 16, 2025) ("Chih-Mei is a Chinese citizen and Taiwanese resident, and thus is not subject to general personal jurisdiction in this forum.").

### 2. Specific Jurisdiction

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum [s]tate and is therefore subject to the [s]tate's regulation." *Goodyear*, 564 U.S. at 919 (quotations and citation omitted). In determining whether the exercise of specific jurisdiction is consistent with due process, courts are to consider: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017) (quotations and citation omitted). "The first two factors correspond with the 'minimum contacts' prong of the [*International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)] analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Id*. (citation omitted). "While the plaintiff bears the burden to establish minimum contacts, upon this showing, defendants must prove that the exercise of jurisdiction is unreasonable." *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

Huang argues that the FAC fails to "establish minimum contacts sufficient to give this Court personal jurisdiction over [Huang]." Mot. at 8. Huang specifically argues that the FAC "do[es] not say anything about any contacts that [Huang] made with California[,] save for its vague allegation that [Huang] directed the enforcement activities toward California by filing an intellectual property complaint with Amazon, which is not based in California, thereby indirectly causing the cessation of sales within California . . . ." *Id*. Shandong does not allege that Huang had any contacts with California. Rather, Shandong counters that the FAC "allege[s] facts showing that [Huang] purposefully directed his conduct toward the U.S. through deliberate enforcement activity targeting [Shandong's] U.S. commercial presence." ECF No. 40 at 12.

5

Shandong specifically argues that Huang's use of "Amazon's intellectual property enforcement mechanism[] [] necessarily directed his actions at [Shandong's] U.S.-based business operations[,]" and Huang's actions "foreseeably caused harm in the U.S." and resulted in Shandong losing sales and suffering reputational harm. *Id*.

Shandong's allegations are insufficient to establish personal jurisdiction. Huang's use of "Amazon's intellectual property enforcement mechanism" does not suggest that Huang "purposefully directed" his activities at California. Amazon is not a resident of California, and even if it were, courts in this District have rejected the argument that "alleged misconduct ar[ising] from a person's use of a platform hosted by a business in this district" is sufficient to confer specific jurisdiction. *See Lik v. Doe*, No. 20-CV-00255-DMR, 2020 WL 1984291, at *2 (N.D. Cal. Apr. 27, 2020). Additionally, any alleged harm to Shandong has no bearing on the Court's analysis, as neither Shandong Yunxiang nor Shandong Jiuhui are residents of California. Shandong has failed to allege facts that suggest Huang "purposefully directed [his] activities at residents of the forum . . . ." *Xilinx*, 848 F.3d at 1353. Accordingly, the Court finds it does not have specific jurisdiction over Huang. *See Liqiang Wei v. Jiazhong Sun*, No. 18-CV-02136-MEJ, 2018 WL 1833897, at *5 (N.D. Cal. Apr. 18, 2018), *report and recommendation adopted*, No. 18-CV-02136-YGR, 2018 WL 4378760 (N.D. Cal. May 15, 2018) ("Plaintiff alleges they are Chinese citizens working in China and publishing information on Chinese websites. The [c]omplaint does not allege [d]efendants have had any contacts with California. Under these circumstances, [p]laintiff has not alleged facts sufficient to show [d]efendants are subject to personal jurisdiction in California."). The Court therefore grants Huang's motion to dismiss.[2]

/ / /
/ / /
/ / /
/ / /
/ / /

---

[2] The Court declines to address Huang's alternative arguments under Rule 12(b)(3) and 12(b)(6).

6

**CONCLUSION**

For the foregoing reasons, the Court grants Huang's motion to dismiss. Although it seems unlikely that Shandong will be able to amend the complaint to allege facts sufficient to confer personal jurisdiction over Huang, the Court will grant such leave out of an abundance of caution. Leave to amend is granted solely to add new jurisdictional allegations. Any amended complaint shall be filed within 21 days of the date of this order.

The case management conference scheduled for November 18, 2025 is continued to January 27, 2026 at 2:00 p.m. An updated joint case management statement is due January 20, 2026.

**IT IS SO ORDERED.**

Dated: November 13, 2025



JON S. TIGAR
United States District Judge