UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHANDONG YUNXIANG CENTURY INTELLIGENT TECHNOLOGY CO., LTD., et al.,

Plaintiffs,

v.

YANNAN HUANG,

Defendant.

Case No. 25-cv-01298-JST

**GRANTING DEFENDANT'S MOTION TO DISMISS**

Re: ECF No. 52

Before the Court is Defendant Yannan Huang's motion to dismiss.  ECF No. 52. The Court will grant the motion.

I.      **BACKGROUND**

On February 7, 2025, Plaintiffs Shandong Yunxiang Century Intelligent Technology Co., Ltd. ("Shandong Yunxiang") and Shandong Jiuhui Information Technology Co., Ltd. ("Shandong Jiuhui") (collectively, "Shandong")—both Chinese corporations with a principal place of business in China—filed this case.  ECF No. 1.  Defendant Yannan Huang—also a resident of China—is listed as the applicant and inventor of U.S. Patent No. D962,680S (the "D'680 Patent"), a design patent that claims an "ornamental design for a gel seat cushion . . . ."  ECF No. 51 ¶ 2–3, ECF No. 51-1 at 2.  Both parties sell gel seat cushions on Amazon.  ECF No. 51 ¶¶ 16–24.  Huang submitted an intellectual property complaint to Amazon, accusing Shandong of infringing the D'680 Patent.  *Id.* ¶ 13.  Amazon subsequently removed Shandong's product from its marketplace, and it remains unavailable.  *Id.* ¶¶ 13, 22.  Shandong alleges that Huang "did not purchase or otherwise obtain" its seat cushions "before submitting the infringement complaints to Amazon" and "made such complaints without conducting any reasonable investigation or comparing

[Shandong's seat cushions] with the D'680 Patent . . . ." *Id*. ¶ 25.

Shandong brings claims for (1) a declaratory judgment of noninfringement of the D'680 Patent, *id.* ¶¶ 28–32, (2) a declaratory judgment of invalidity of the D'680 Patent, *id.* ¶¶ 33–40, (3) a declaratory judgment of unenforceability of the D'680 Patent, *id.* ¶¶ 41–48, (4) unfair competition, *id.* ¶¶ 49–55, and (5) tortious interference. *Id.* ¶¶ 56–62.

## II.    LEGAL STANDARD

When a defendant objects to the Court's personal jurisdiction over it pursuant to Federal Rule of Civil Procedure 12(b)(2), "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Absent an evidentiary hearing, however, the plaintiff need only make a prima facie showing of personal jurisdiction.  *Id*. "Uncontroverted allegations in the plaintiff's complaint must be taken as true", and "[c]onflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor."  *Id*. (quoting *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004)).  "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits."  *Schwarzenegger*, 374 F.3d at 800.  "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same."  *Id*. at 800–01.

## III.    DISCUSSION

Shandong acknowledges that Huang is not subject to the general jurisdiction of this Court, *see* ECF No. 51 ¶ 12, but alleges only that this Court has specific jurisdiction over Huang, because Shandong's claim arises under federal law and Huang is not subject to the jurisdiction in any state's courts of general jurisdiction.  *See* ECF No. 51 ¶ 11–15 (citing Fed. R. Civ. P. 4(k), 28 U.S.C. §§ 1391(b)(2), 1391(c)(3)).  Still, the exercise of jurisdiction must comport with due process.  *See Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346, 1353 (Fed. Cir. 2017)

Specific jurisdiction "depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum [s]tate and is

2

therefore subject to the [s]tate's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotations and citation omitted). In determining whether the exercise of specific jurisdiction is consistent with due process, courts consider: "(1) whether the defendant purposefully directed its activities at residents of the forum; (2) whether the claim arises out of or relates to the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is reasonable and fair." *Xilinx*, 848 F.3d at 1353 (quotations and citation omitted). "The first two factors correspond with the 'minimum contacts' prong of the [*International Shoe Co. v. Washington*, 326 U.S. 310 (1945)] analysis, and the third factor corresponds with the 'fair play and substantial justice' prong of the analysis." *Id.* (citation omitted). "While the plaintiff bears the burden to establish minimum contacts, upon this showing, defendants must prove that the exercise of jurisdiction is unreasonable." *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1350 (Fed. Cir. 2003).

No allegation in the amended complaint connects Huang's conduct to this district. ECF No. 51 ¶¶ 9–14. As previously explained, ECF No. 60 at 5–6, Huang's use of "Amazon's intellectual property enforcement mechanism" does not suggest that Huang "purposefully directed" his activities at California. Amazon is not a resident of this district, and even if it were, communicating with it to lodge an infringement complaint is not enough to confer jurisdiction. *See Lik v. Doe*, No. 20-CV-00255-DMR, 2020 WL 1984291, at *2 (N.D. Cal. Apr. 27, 2020) ("alleged misconduct ar[ising] from a person's use of a platform hosted by a business in this district" is insufficient to confer specific jurisdiction). Further, any harm experienced by Shandong does not affect California, since Shandong is not a California resident.

The Court finds that Shandong's amended pleadings did not cure the deficiencies identified in the Court's prior order, ECF No. 50 at 6, such that the exercise of jurisdiction would not comport with due process. *See Liqiang Wei v. Jiazhong Sun*, No. 18-CV-02136-MEJ, 2018 WL 1833897, at *5 (N.D. Cal. Apr. 18, 2018), *report and recommendation adopted*, No. 18-CV-02136-YGR, 2018 WL 4378760 (N.D. Cal. May 15, 2018) ("Plaintiff alleges they are Chinese citizens working in China and publishing information on Chinese websites. The [c]omplaint does not allege [d]efendants have had any contacts with California. Under these circumstances,

[p]laintiff has not alleged facts sufficient to show [d]efendants are subject to personal jurisdiction in California.").

### CONCLUSION

The Court grants Huang's motion to dismiss.[1]  Given Plaintiff's failure to cure the deficiencies identified in the Court's prior order, the Court concludes that amendment would be futile, and dismissal is with prejudice.  *See Mitchell v. Multnomah Cnty. Sheriffs*, No. 3:22-CV-01827-CL, 2023 WL 2976889, at *1 (D. Or. Mar. 22, 2023).  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  May 4, 2026



_____
JON S. TIGAR
United States District Judge

---

[1] The Court declines to address Huang's alternative arguments under Rule 12(b)(3) and 12(b)(6).